# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Diana Ross

**DEFENDANTS**

VALLEY MANOR OPERATIONS, LLC d/b/a VALLEY MANOR HEALTH & REHAB CENTER

**(b)** County of Residence of First Listed Plaintiff: Carbon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. 12101

Brief description of cause:
ADA discrimination/retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 11/23/2026

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 7650 Route 309, Coopersburg, Pennsylvania 18036

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Diana Ross | : | CIVIL ACTION |
| v. | : | |
| Valley Manor Operations, LLC d/b/a Valley Manor Health & Rehab Center | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 11/23/1987 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA ROSS,<br><br>Plaintiff,<br><br>v.<br><br>VALLEY MANOR OPERATIONS, LLC d/b/a VALLEY MANOR HEALTH & REHAB CENTER,<br><br>Defendant. | Civil Action No. ____________________<br><br>**CIVIL ACTION – LAW**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES Plaintiff Diana Ross ("Plaintiff"), by and through her undersigned counsel, who brings this action against Defendant Valley Manor Operations, LLC d/b/a Valley Manor Health & Rehab Center ("Defendant"), and in support thereof alleges the following:

## INTRODUCTION

1. This is an action for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), age discrimination under the Age Discrimination in Employment Act ("ADEA"), and retaliation under the Family and Medical Leave Act ("FMLA").

2. Plaintiff, a longtime employee who was approximately seventy-three years old, alleges that Defendant progressively removed her responsibilities, replaced her with substantially younger employees, subjected her to unwarranted discipline, and offered her a substantially lower-paying position after disputes concerning her disability and approved medical leave.

3. Plaintiff seeks damages and equitable relief for the adverse employment actions and resulting constructive discharge and loss of employment.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117(a), 29 U.S.C. § 626(c), and 29 U.S.C. § 2617(a)(2).

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant operates its facility in Coopersburg, Lehigh County, Pennsylvania, and a substantial part of the events alleged occurred there.

## PARTIES

6. Plaintiff Diana Ross is an adult individual residing in Palmerton, Carbon County, Pennsylvania. She was born on August 9, 1952.

7. Defendant Valley Manor Operations, LLC d/b/a Valley Manor Health & Rehab Center operates a healthcare and rehabilitation facility at 7650 Route 309, Coopersburg, Pennsylvania 18036.

8. At all relevant times, Defendant employed more than fifty employees and was a covered employer under the ADA, ADEA, and FMLA.

9. At all relevant times, Defendant acted through its officers, managers, and supervisors, including Administrator Miriam Colon and Director of Nursing Debbie Yerk, within the course and scope of their employment.

## ADMINISTRATIVE EXHAUSTION

10. On August 12, 2026, Plaintiff filed an EEOC Charge of Discrimination alleging age and disability discrimination and retaliation, and requested dual filing with the Pennsylvania Human Relations Commission.

11. The EEOC assigned Charge No. 530-2026-09066.

12. On August 26, 2026, the EEOC issued a Determination and Notice of Rights, which Plaintiff received on that same date. A true and correct copy of the Notice of Rights is attached hereto as **Exhibit A**.

13. Plaintiff brings this action within ninety days of her receipt of the Notice and has exhausted the applicable administrative prerequisites to her ADA and ADEA claims.

## FACTUAL ALLEGATIONS

14. Plaintiff began employment with Defendant on or about November 26, 2017.

15. Plaintiff performed administrative, Human Resources, Payroll, and scheduling responsibilities during her employment.

16. Plaintiff possessed substantial experience with Defendant's staffing needs and administrative procedures, including scheduling during the COVID-19 pandemic.

17. Plaintiff was qualified to perform the essential functions of her positions, with or without reasonable accommodation.

18. Plaintiff had a medical condition for which she had been approved for intermittent medical leave. Defendant was aware of her condition and approved leave.

19. Plaintiff had previously undergone treatment for breast cancer. Her condition constituted a disability under the ADA, including because of its effect on normal cell growth.

20. In or around early 2025, Administrator Miriam Colon questioned Plaintiff about previously approved FMLA leave and indicated an intention to deny it.

21. Plaintiff objected, explained that the leave had already been approved, and asserted her right to continue receiving necessary medical treatment.

22. Following these exchanges, Plaintiff experienced heightened scrutiny and increasingly critical treatment from management.

23. On or about November 7, 2025, management addressed a disciplinary write-up concerning approximately 1.75 hours of overtime.

24. Plaintiff explained that unexpected staffing issues required additional work and that other employees performing similar duties had not been held to the same standard.

25. Management also criticized Plaintiff for missed time punches. Plaintiff explained that a medical condition affected her use of the time clock and that she submitted missed-punch forms through Defendant's established approval procedure.

26. Plaintiff advised management that her missed punch was related to a medical condition and expressly invoked ADA protection.

27. Defendant continued to scrutinize Plaintiff's work and timekeeping after these explanations.

28. Defendant removed Plaintiff from her Human Resources and Payroll responsibilities, which she had previously performed successfully.

29. Plaintiff alleges that Defendant replaced her in those duties with a substantially younger female employee under thirty (30) years of age.

30. Defendant reassigned Plaintiff to the Scheduler position without providing adequate training on the applicable systems and expectations.

31. On or about February 11, 2026, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP") at or near the beginning of her scheduling assignment.

32. Defendant criticized Plaintiff for staffing and scheduling difficulties, including problems allegedly caused by employee call-offs, staffing shortages, and changes made by other personnel.

33. Plaintiff attempted to explain these circumstances, but management disregarded or minimized her explanations.

34. Plaintiff alleges that the PIP and related criticisms were unwarranted and intended to create a record of purported performance deficiencies.

35. Defendant progressively reduced or reassigned Plaintiff's duties and continued to subject her to heightened scrutiny.

36. On or about March 9, 2026, Defendant removed Plaintiff from the Scheduler position and replaced her with another substantially younger female employee.

37. Defendant then offered Plaintiff an Activity Aide position that would have reduced her pay by approximately $14.00 per hour from her prior $29.00 hourly rate.

38. The proposed position also involved a materially different schedule and more physically demanding duties.

39. Plaintiff refused the proposed demotion, and Defendant refused to return her to the Scheduler position.

40. Plaintiff's last day actually worked was March 6, 2026.

41. Defendant's proposed reassignment was not a comparable position: it reduced Plaintiff's hourly pay from approximately $29.00 to $15.00, materially altered her schedule, and required more physically demanding work despite Defendant's knowledge of Plaintiff's medical condition.

42. After first removing Plaintiff from HR/Payroll and then from scheduling, Defendant refused to restore either position and presented the substantially inferior Activity Aide position as the only employment alternative.

43. The cumulative effect of the repeated discipline and scrutiny, successive removal of responsibilities, replacement by younger employees, and proposed reduction in pay and changes in working conditions made continued employment objectively intolerable.

44. Plaintiff refused the proposed demotion and alleges that Defendant's conduct left her with no reasonable alternative but to end the employment relationship, thereby constructively discharging her.

45. Plaintiff's constructive discharge was the foreseeable result of Defendant's discriminatory and retaliatory course of conduct and caused the loss of her employment, wages, and benefits.

46. Defendant's stated performance concerns were exaggerated, selectively enforced, or otherwise pretextual.

47. Plaintiff's age was the but-for cause of her removal and replacement, that disability motivated adverse actions, and that Defendant retaliated for her protected complaints and medical-leave activity.

48. As a result of Defendant's conduct, Plaintiff sustained lost earnings and benefits and other injuries.

**COUNT I**
**ADA – DISABILITY DISCRIMINATION**

49. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

50. Plaintiff was disabled within the meaning of 42 U.S.C. § 12102 and was qualified to perform the essential functions of her positions, with or without reasonable accommodation.

51. Defendant knew of Plaintiff's disability and subjected her to adverse employment actions, including heightened discipline, removal of responsibilities, a PIP, removal from the Scheduler position, and a proposed substantial demotion.

52. Plaintiff's disability was a motivating factor in Defendant's adverse employment decisions.

53. Defendant's disability-based treatment culminated in the objectively intolerable working conditions and constructive discharge alleged above.

54. Defendant's actions caused Plaintiff economic loss and nonpecuniary injury.

**COUNT II**
**ADA – RETALIATION**

55. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

56. Plaintiff engaged in protected activity by objecting to disability-related discriminatory treatment and asserting ADA protections regarding her medical condition and timekeeping.

57. Defendant knew of that protected activity and thereafter subjected Plaintiff to materially adverse employment actions, including increased job scrutiny, unwarranted discipline, position changes, a proposed demotion, and ultimately constructive discharge.

58. Defendant would not have taken those actions but for her protected activity.

59. The retaliatory course of conduct culminated in Plaintiff's constructive discharge.

## COUNT III
## ADEA – AGE DISCRIMINATION

60. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

61. Plaintiff was over forty years old and qualified for the positions she held.

62. Defendant removed Plaintiff from her HR/Payroll and Scheduler responsibilities and replaced her with substantially younger female employees.

63. Defendant offered Plaintiff a substantially lower-paying position with different duties, working hours, and conditions.

64. Plaintiff's age was the but-for cause of these adverse employment actions.

65. Plaintiff alleges that the successive younger replacements and proposed severe demotion culminated in her constructive discharge because of age.

66. Plaintiff alleges that Defendant acted willfully or with reckless disregard for its obligations under the ADEA.

## COUNT IV
## FMLA – RETALIATION

67. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully set forth herein.

68. Plaintiff was an eligible employee with a serious health condition and had been approved for intermittent FMLA leave.

69. Plaintiff engaged in protected activity by seeking and using medical leave and objecting to management's threatened denial of previously approved leave.

70. Defendant knew of Plaintiff's protected activity and thereafter subjected her to adverse employment actions, including increased scrutiny, discipline, reassignment, a PIP, and a proposed demotion.

71. Plaintiff alleges that Defendant retaliated against her for exercising FMLA rights.

72. Plaintiff alleges that the retaliatory treatment culminated in objectively intolerable conditions and her constructive discharge.

73. Plaintiff sustained lost wages, benefits, and other recoverable monetary losses as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award:

A. A declaration that Defendant violated the ADA, ADEA, and FMLA;

B. Back pay, lost benefits, and other economic damages, with interest as permitted by law;

C. Front pay and/or reinstatement, as appropriate;

D. Compensatory damages under the ADA to the extent permitted by law;

E. Punitive damages under the ADA to the extent permitted by law;

F. Liquidated damages under the ADEA and FMLA, where authorized;

G. Appropriate equitable and injunctive relief;

H. Reasonable attorneys' fees and costs; and

I. Such other relief as the Court deems just and proper.

**JURY DEMAND**

PLEASE TAKE NOTICE that Plaintiff Diana Ross hereby demands a trial by jury on all claims and issues so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

BY: /s/ William P. Mansour_____
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425
Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Diana L. Ross

Date: November 23, 2026